Leon v Harlan (2019 NY Slip Op 04045)





Leon v Harlan


2019 NY Slip Op 04045


Decided on May 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2019

Renwick, J.P., Manzanet-Daniels, Kahn, Kern, Moulton, JJ.


9411N 153936/15

[*1] Laura Leon, Plaintiff-Appellant,
v
Wyatt Harlan, Defendant-Respondent, 327 Central Park West Condominium Board of Managers, Defendant.


Stuart S. Perry, New York, for appellant.
O'Donnell & Fox, P.C., New York (William G. O'Donnell, Jr. of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered August 28, 2018, which, to the extent appealed from, denied plaintiff's motion for summary judgment dismissing defendant Wyatt Harlan's counterclaim for nuisance, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff made a prima facie showing that her piano playing and piano lessons were reasonable by averring that these activities usually occurred during business hours on weekdays, they usually totaled less than 4½ hours a day, and her sound technician concluded that the noise emanating from her piano was
within acceptable boundaries (Chelsea 18 Partners, LP v Sheck Yee Mak, 90 AD3d 38, 41 [1st Dept 2011]; see Carroll v Radoniqi, 105 AD3d 493, 494 [1st Dept 2013]). Harlan failed to raise a triable issue of fact in opposition because she did not submit any evidence showing that the level of sound that entered her apartment from plaintiff's piano was unreasonable. Harlan's reliance on the recordings by plaintiff's sound technician is unavailing; the expert did not take any volume measurements in Harlan's apartment and the recording taken in the condominium stairwell did not exceed that of a normal conversation.
To the extent the motion court denied plaintiff's motion on the ground that discovery was not complete, the record reveals that no additional discovery could be conducted regarding the level of sound that entered Harlan's apartment because plaintiff had moved out of the condominium building with her piano.
Based on the foregoing, we need not reach plaintiff's other arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 23, 2019
CLERK